### WILLIAM A. MOORE, ET AL., *v.* BOWMER FLORENCE.

**Wills—Construction of.**
> Intention of testator must govern, but this intention must be gleaned from the whole of the will.

**Terms of Will Construed.**
> Where a will conveys real estate to a named person "and to her issue," it is held that such named person takes the title in fee simple.

APPEAL FROM NELSON CIRCUIT COURT.

June 19, 1874.

OPINION BY JUDGE PRYOR:

The following is the clause of the will of William Cotton upon which the appellants base their right to recover, item 2: "I bequeath to my daughter, Catherine Ann, who intermarried with Charles A. Moore, of Bardstown, in the state of Kentucky, and to her issue, all my estate, real, personal and mixed, of every kind and description whatsoever, in the said state of Kentucky and elsewhere, with the exception hereinafter specified." Mrs. Moore died; and these appellants, who are her children, instituted this action to recover the land in controversy, alleging that by the terms of the will, their mother held only a life estate. It is alleged in the petition, and conceded by both parties, that this land passed by the will of Cotton to the devisees therein named, Mrs. Moore and her husband; the wife, claiming an absolute estate in the land by reason of the devise, on November 29, 1844, sold this land to the appellee, Florence, and made him a deed therefor. As purchaser, he took possession, and has held it since under this deed passing the fee simple title, and was in the possession at the institution of the action in March, 1873. These facts were alleged by the appellee, Florence, in his answer, and for the purposes of the demurrer must be taken as true. The demurrer thus filed reaching back to the

petition, it is insisted by counsel for appellee that the appellants, the children of Mrs. Moore, have no cause of action, and the court below, so adjudging their petition, was dismissed. Counsel for appellants maintain that the court had no right to consider the will or its contents, as it was, at best, only evidence of the right to recover, and not the foundation of the action. This, as a general proposition, when exhibited and merely referred to and filed with pleading, is true. In an action to recover land, the allegation that the plaintiff is the owner, and entitled to the possession, and that defendant holds possession without right, presents a cause of action, and although an exhibit of title may be filed, it is with the plaintiff, whether or not he will offer it as evidence, and therefore it should not be regarded upon demurrer. But when the plaintiff sets forth his title, and alleges that the defendant claims under the same deed or will, and not only so, but makes a statement of facts in connection therewith that must be taken as true, he will not be allowed afterward to controvert his title and the facts stated, so as to avoid the effect of his own admissions, without first showing by affidavit or otherwise that he was laboring under a misapprehension of the facts, when reducing them to writing. It is alleged that Mrs. Moore, the mother of the appellants, derived her title under the will of William Cotton; that by its provisions she had only a life estate in the land devised; that during her life, the mother, in conjunction with her husband, conveyed this land to the appellee. The will under which the appellants claim, is filed with the petition, as well as the deed from Mrs. Moore and her husband to the appellee. If, by the provisions of the will, Mrs. Moore had only a life estate, then she could convey no greater estate to her vendee; but if she had an estate in fee, the absolute title to the land passed to the appellee under the deed made him by Mrs. Moore and her husband; hence the solution of the question depends upon the construction given the will of William Cotton. The clause in the will under which the appellants claim, creates an estate tail at the common law, and by our statute is made a fee simple estate, passing to the devisee the absolute title. In construing a will, however, such meaning must be given the language as will carry out the intent and purpose of the party making it. This intention is to be gathered from the whole will. There were two persons living at the date of the will, who seem to have been the objects of the testator's bounty. Mrs. Moore, who claimed under the clause first quoted, and Mrs. M. Bryant, to whom the following devise was made, item 4: "It

is my will that Mrs. M. Bryant, of Natchez, shall have the brick house and lot, and the lot with an old frame house on it, both fronting on Walnut Street, in Louisville, Ky., and near the city hospital, during her natural life, and at her death to her children." These two devises contain, in substance, the whole will, and certainly all that portion of it from which the intention of the devisor is to be determined in the devise made to Mrs. Moore. The word "issue" in a will is generally to be construed as a word of limitation, and was so understood by the ancient common-law judges. The courts of this country, however, enlarge or restrict the meaning by giving to it the same meaning the testator intended, if there is anything to be found in the will authorizing such a construction. In 2 Jarman on Wills 351, it is said: "It is clear that a simple bequest to A and his issue, if the subject of disposition were real estate, would indisputably make A tenant in tail." "The word 'issue', when not restrained by the context, is constructive and synonimous with 'descendants', comprehending objects of every degree." Same vol., p. 25: "An estate tail is an estate given to a man and the heirs of his body, and will, if left to itself, descend on the death of the first owner to all his lawful issue, children, grandchildren, and more remote descendants." Williams on Real Property, p. 63. "With regard, however, to a devise simply to a person and his issue, no doubt at this day can be raised as to its conferring an estate tail." 2 Jarman 240. "A bequest to A and his issue will clearly pass an estate tail, in real property, so it will give to A an absolute interest in a personal legacy." 2 Williams on Ex'rs 727. The words "heirs of the body" or "heirs of issue" are sometimes used, and frequently decided, to be words of purchase. It is a question of intention, at least, to be determined from the whole instrument. In *Prescott v. Prescott's Heirs,* 10 B. Mon. 56; *Jarvis & Trabue v. Quigley, et al,* same book, page 105, Sharkwood, justice in the case of *Taylor v. Taylor,* 63 Pa. St. 483, says that the word "issue" in a will, is to be construed as a word of purchase or limitation, as will best effectuate the intention of the testator, gathered from the entire instrument. In that case the testator gave to his daughter, Susanna Bousall, and his mother, or in the event of the death of one of them, to the survivor, all his real estate during their lives, and in case his daughter, Susanna, departed this life having lawful issue, it was then his will that his real estate should descend to such lawful issue, their heirs and assigns, forever; and in case his daughter should depart this life before her mother, having lawful issue, then that

such issue should enjoy and inherit their mother's right from the time of her death. The learned judge says, "It is a position not open to dispute, that, if it appears either by confession or clear implication that by the word 'issue' the testator meant children, or issue living at a particular period, as at the death of the first taker, and not the whole line of succession, which would be included under the term 'heirs of the body', it must necessarily be construed to be a word of purchase." The testator gave to his wife and daughter all of his real estate during their natural lives, and in case his daughter should depart this life, leaving lawful issue, the real estate to descend to such lawful issue and their heirs forever. He immediately adds these words: "And further, it is my will if my daughter depart this life before her mother, leaving lawful issue, then such issue shall enjoy and inherit their mother's right from the time of her death." No declaration could well be more explicit, to show that by issue he meant children, for they were to inherit and enjoy their mother's right from the time of her death. There is a material distinction between the case cited and the one under consideration. In the case of Taylor, the devise to the daughter was in the first place for life only, and then to be enjoyed by her lawful issue, the testator evidently meaning children, they to inherit and enjoy from the time of her death. In the present case the devise is to Mrs. Moore and to her issue, with no language in the will restricting or limiting her estate, or from which the conclusion can be reached that he intended Mrs. Moore to have only a life estate in what he had devised. There is, however, a clause in the will that, in our opinion, indicates clearly that the testator intended Mrs. Moore to have an absolute estate. He knew how to create a life estate, and the manner in which the rights of each beneficiary could be limited. In the devise to Mrs. Bryant of the lots in the city of Louisville he uses this language: "It is my will that Mrs. M. Bryant shall have the lots, discharging them, during her natural life, and at her death to her children." It is evident that the testator intended to give to Mrs. Moore a greater estate than to Mrs. Bryant, by restricting the right of the one, and passing the absolute property to the other. If he intended Mrs. Moore to have a life estate the same language would have been used, and not such technical words as would create an estate tail, or some other estate about which the devisor was entirely ignorant. In our opinion, the word "issue" was used as synonomous with the word "heirs," or "heirs of the body," and passed to Mrs. Moore the absolute title.

This will was heretofore in this court for construction in the case of *Moore, etc., v. Millet,* on the petition of the children of *Mrs. Moore v. Catherine Moore,* the mother, asking for a sale of some of the real estate by reason of its being indivisible, and alleging that Mrs. Moore, to whom the devise was made, held the lot in her own right and as trustee for the children. They also ask for a construction of the will. The widow, her husband being dead, filed an answer, admitting the allegation of the petition, and also asking for a construction of the will, but asserting no other interest than that stated in the petition. The court below decided that the widow held only a life estate, and that judgment was affirmed by this court, and the opinion adhered to on a petition, filed for a rehearing. The point made in this court by the widow and her son, William, was, that by the terms of the will, the fee passed to them, as William was the only child living at the death of the testator, his grandfather, and the fee having been vested, the other children, subsequently born, could not take it. The court, looking to this point more than any other, and the widow, by counsel, conceding in argument that the son William held jointly with her, it was held that all the children had equal interests, and the mother only a life estate. This view of the question cannot be adhered to.

Judgment *affirmed.*

*D. W. Sanders, W. McKnight, E. E. McKay,* for appellants. *Muir & Wickliffe, Barr Goodloe,* for appellee.